IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL SONDRINI<br>117 Joyce Way<br>Berlin, NJ 08009<br><br>        Plaintiff,<br>v.<br><br>CHARLES CONWAY<br>295 Waterford Road<br>Hammonton, NJ 08037<br>        and<br>JENNIFER CONWAY<br>295 Waterford Road<br>Hammonton, NJ 08037<br>        and<br>AC&K IRRIGATION, LLC<br>295 Waterford Road<br>Hammonton, NJ 08037<br><br>        Defendants. | CIVIL ACTION<br><br>No.:<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff, Michael Sondrini (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA - 29 U.S.C. § 201 *et. seq.*), the New Jersey Prevailing Wage Act ("NJ PWA" – N.J.S.A. §§ 34: 11-56.25, *et. seq.*), the New Jersey Wage and Hour Law ("NJ WHL" – N.J.S.A. §§ 34:11-56a, *et seq.*) and the New Jersey Wage Payment Law ("NJ WPL" – N.J.S.A. §§ 34:11-4.1, *et. seq.*). Plaintiff was not properly paid wages mandated by state and federal law(s). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II. Jurisdiction and Venue

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth above.

7. Defendant AC&K Irrigation, LLC (hereinafter "Defendant AC&K" where referred to individually) is a business incorporated and operating within New Jersey. Defendant AC&K engages in the business of providing landscaping, irrigation, and other outdoor maintenance services to residential and commercial businesses.

8. Defendant Jennifer Conway (hereinafter "Defendant JC" where referred to individually) is married to Defendant Charles Conway (hereinafter "Defendant CC" where referred to individually). Defendants JC and CC are personally liable and properly identified in the caption of this Complaint for reasons including but not limited to the following:

    (a) Defendant JC is identified as the owner and highest-level manager of Defendant AC&K within corporate filings, but this formality was undertaken by Defendants solely so Defendant JC could avail herself of minority or female-owned business certifications and preferences, as it was started and operated mostly by Defendant CC.

    (b) Defendants JC and CC both jointly share in the administration of payroll, compensation of employees, management, and overseeing operations and human resources aspects of employee issues.

    (c) Defendants JC and CC both intentionally and pervasively commit tax evasion, wage violations, overtime violations, and other civil and criminal infractions as it relates to operation of their business matters including but not limited to their joint involvement in non-payment of local, state and federally mandated wages to Plaintiff (and other employees).

9. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

## IV. Factual Background

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Defendants CC and JC are the sole owners, operators and highest management of Defendant AC&K. Defendants have and continue to employ approximately 6-8 employees at any given time (except for limited durations during off season).

12. Plaintiff was hired by Defendants in or about April of 2012; and in total, has been (and remains) employed for approximately 5.5 years.

13. From commencement of hire through September of 2017, Plaintiff was paid a $1,000.00 per week salary.

14. Plaintiff consistently worked at least 45 hours per week to 55 hours per week (except during some off-season weeks), and he was <u>never</u> paid at a rate of time and one half for overtime compensation for any hour worked beyond 40 hours per week.

15. Defendants have performed contracted work for residential properties, commercial properties, and dozens of Wells Fargo centers (by way of examples, not intending to be an exhaustive list).

16. Plaintiff did not qualify for any exemption from overtime, although he was at times referred to by Defendants as a supervisor or foreman. This is because Plaintiff's primary job duties consisted of:

    (a) Doing manual labor;

    (b) Performing the same daily work as rotating members in the crew; and

    (c) Plaintiff spent his days cutting grass, planting, handling vegetation, placing bushes or trees, and transporting equipment for his actual and performed labor (in addition to other typical landscaping duties).

17. Plaintiff did not perform traditional management duties such as: (a) hiring, interviewing and terminating employees; (b) evaluating employees; (c) giving pay increases or raises; (d) creating or administering written company policies or operating procedures; or (e) overseeing payroll and/or scheduling. Instead, Plaintiff performed labor all day, every day he worked.

18. Even if Defendants were to claim Plaintiff was a "working supervisor" at work sites, such an argument would fail as working supervisors and working foreman working with a crew are non-exempt under the FLSA (and there is no legal applicability of the "executive

exemption").[1] Mere payment of salary is not determinative of exemption applicability under the FLSA (or state law(s)).

19. Defendants failed to maintain any time-keeping records for Plaintiff in violation of state and federal wage laws.[2]

20. All of Defendants' actions as aforesaid are without question willful, intentional and in blatant disregard for local, state and federal laws, as evidenced by:

   (a) Defendants keep several employees paid "under the table" without: (1) legal withholdings; (2) proper unemployment or worker's compensation insurance; and (3) and failing to pay or declare taxes;

   (b) Defendants failed to abide by legal record-keeping requirements in paying employees in accordance with any laws (i.e. Prevailing Wage Act, FLSA, NJ Wage and Hour Law, etc…);

   (c) Even with some employees who are paid via payroll, Defendants take unlawful deductions from the pay and pay partially in cash to conceal income, revenue and to engage in additional tax evasion; and

   (d) In sum, Defendants make no effort (let alone a good-faith effort) to comply with laws, and instead, knowingly, intentionally and pervasively violate them for their own self gain at the detriment of their own employees.

21. Plaintiff has had improper deductions made to his $1,000.00 per week salary (also a basis for exemption inapplicability), he has not been paid prevailing wages as mandated by state law when he was assigned to commercial (municipal and government) projects, and he was converted to an hourly employee in September of 2017 at which time he was subjected to

---

[1] *See* 29 C.F.R. § 541.106(c); *see also Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1243 (11th Cir. 2008)(affirming jury verdict for "managers" because they performed the same labor work as other employees and explaining working supervisors and working foreman are non-exempt and entitled to overtime); *Sorton v. Eidolon Analytic, Inc.*, 2017 WL 111585, at *2 (M.D. Fla. 2017)(granting summary judgment to lead in fabrication department because a working supervisor performing predominantly labor activities with those whom he leads is entitled to overtime compensation).

[2] The failure of an employer to abide by mandatory record-keeping of hours worked by an employee violates 29 U.S.C. § 211(c). As a result, an employer's estimates of hours typically worked may be accepted. *See e.g. Zeng Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412, at *8 (S.D.N.Y. 2004)

multiple retroactive (unlawful) pay reductions for time periods when he was working as a salaried employee.

22. Plaintiff is entitled to wage loss as set forth herein dating back 3 full years. Liquidated damages should "automatically" be awarded doubling Plaintiff's unpaid overtime compensation, among other applicable penalties.[3] And in total, Plaintiff is owed well in excess of $50,000.00 including unpaid wages, non-paid prevailing wages, unpaid overtime compensation, liquidated damages, and for legal fees and costs.

## Count I
## Violations of the Fair Labor Standards Act ("FLSA")
(Failure to Pay Overtime Wages)
- Against All Defendants -

23. The foregoing paragraphs are incorporated herein as if set forth in full.

24. At all times relevant herein, Defendants, have and continue to be, an "employer" within the meaning of the FLSA.

25. At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA.

---

[3] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the norm, single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County*, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

26. The FLSA requires covered employers, such as Defendants, to minimally compensate their "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

27. At all times during his employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

28. Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

29. Defendant failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour that he worked over 40 each workweek.

30. As a result of Defendants' failure to pay Plaintiff the overtime compensation due him, Defendants violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

31. Defendants CC and JC are personally liable as they directly failed to properly compensate Plaintiff.[4]

**Count II**
**New Jersey Wage and Hour Law (NJ "WHL")**
**- Against All Defendants -**

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[4] "[A]n individual is subject to liability when he or she exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest." *White v. Eberle & Bci Servs.*, 2013 U.S. Dist. LEXIS 7542 (D.N.J. 2013); *see also Narodetsky v. Cardone Indus., Inc.*, 2010 U.S. Dist. LEXIS 16133, 2010 WL 678288 (E.D. Pa. 2010)(management may be individually liable under the FLSA for involvement in payroll and/or adverse actions with employment).

33. The violations as set forth in Count I also constitute identical violations of the NJ WHL, as the laws are interpreted and analyzed in the same manner pursuant to Third Circuit jurisprudence.

### Count III
### Violations of the New Jersey Prevailing Wage Act ("NJ PWA")
(Failure to Pay Prevailing Wages)
- Against All Defendants -

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff was specifically assigned to work on Prevailing Wage projects, and pursuant to said law, Plaintiff's wage and benefit entitlements were mandated by contract and state law.

36. Despite Plaintiff being assigned to work on prevailing wage jobs several times per year by Defendants (wherein Plaintiff should have earned at least $30-90 per hour) when considering base rate, benefit inclusion, and overtime rate of prevailing wages - - Plaintiff was still paid unlawfully at a set salary.

37. Defendants willfully violated the NJ PWA.

### Count IV
### Violations of the New Jersey Wage Payment Law ("NJ WPL")
(Failure to Pay Owed Wages)
- Against All Defendants -

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff had unlawful deductions made from his compensation when he was salaried, which included but were not limited to, being converted to an hourly-paid employee in

September of 2017 with retroactive deductions being made for time periods when he was still working under salary.

40. Defendants' actions as aforesaid constitute violations of the NJ WPL.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings and any other owed compensation. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered legal violations at the hands of Defendants until the date of verdict;

B. Plaintiff is to be awarded liquidated (or other penalty) damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future (and to compensate Plaintiff for lost use of income);

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.  Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                Respectfully submitted,

                **KARPF, KARPF & CERUTTI, P.C.**

                By: _____
                Ari R. Karpf
                3331 Street Road
                Two Greenwood Square
                Suite 128
                Bensalem, PA 19020
                (215) 639-0801

Dated: October 6, 2017